John S. Curtis (State Bar No. 50350)
jcurtis@azraellaw.net
LAW OFFICES OF JULIA AZRAEL
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
818.766.5177 phone
818.766.5047 fax

Catherine E. Sison, *pro hac vice* admittee
Email: catherine.sison@macys.com
Suzanne Woodard, *pro hac vice* admittee
Email: suzanne.woodard@macys.com
Macy's Law Department
611 Olive Street, 10th Floor
Saint Louis, Missouri 63101
314.342.6715 phone
314.342.6066 fax

Attorneys for Defendants
Macy's Inc. and Macy's Department Stores Inc.

**LAW OFFICES OF JULIA AZRAEL**
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS QUEVEDO, individually and on behalf of other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MACY'S, INC.; MACY'S DEPARTMENT STORES, INC. and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No. CV09-1522 GAF (MANx) <br><br> **MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE** <br><br> Date of Hearing:   July 13, 2009 <br> Time of Hearing:   9:30 a.m. <br><br> Honorable Gary A. Feess |

/
/
/

1

# TABLE OF CONTENTS

2

**Page**

3

I.   Introduction ............................................................................................... 1

4

II.  Legal Argument ........................................................................................ 4

5

6

   A. All Claims and Allegations Relating to Purported Unpaid Wages
      Should Be Dismissed and/or Stricken ............................................. 5

7

    1. As Plaintiff Lacks Standing Pursuant to Rule 12(b)(1) to Bring Either
       an Individual Claim or a Class Claim for Unpaid Wages, Plaintiff's
       Unpaid Wage Allegations Should Be Dismissed ..................................... 5

8

9

    2. Alternatively, As Plaintiff Fails to State Facts Sufficient to Establish
       Either an Individual or a Class Claim For Unpaid Wages, Plaintiff's
       Unpaid Wage Allegations Should Be Dismissed Pursuant to Rule

10

       12(b)(6) ................................................................................................. 7

11

    3. If Not Dismissed, Plaintiff's Unpaid Wage Allegations Should Be
       Stricken As "Immaterial" and "Impertinent" ............................................. 8

12

13

    4. If Plaintiff's Claims for Unpaid Wages Are Dismissed or Stricken,
       All Claims Which Rely on Plaintiff's Recovery of Unpaid Wages

14

       Must Also Be Dismissed or Stricken ...................................................... 9

15

      a. Plaintiff's Second Cause of Action under Cal. Bus. & Prof.
         Code § 17200 Must Be Dismissed As A Matter of Law If

16

         Plaintiff's Unpaid Wage Claims Are Dismissed or Stricken ......... 10

17

      b. If Plaintiff's Claims for Unpaid Wages Fail As Matter of Law,
         His Claims for Attorney's Fees and Interest Under the Labor

18

         Code Are Rendered "Immaterial" and "Impertinent" and Should
         Be Stricken ..................................................................................... 12

19

20

   B. All Claims and Allegations On Behalf of Employees Who Quit Their
      Employ With Macy's Should Be Dismissed and/or Stricken ...................... 13

21

III. Conclusion................................................................................................ 15

22

23

24

25

26

27

28

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

1

# TABLE OF AUTHORITIES

2

**Page**

3

**Cases**

4  *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231,
     138 L. Ed. 2d 689 (1997) ...............................................................................3

5

6  *Associated General Contractors of California, Inc. v. California State Council
     of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L. Ed. 2d 723 (1983) .....8

7  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) ...............7

8  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65,
     167 L. Ed. 2d 929 (2007) ...............................................................................7

9

10  *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal. 4th 163,
     173 (2000) ...................................................................................................10

11  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other
     grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)...............9

12

13  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19
     (9th Cir. 1989)...............................................................................................1

14  *Kamm v. California City Development Co.,* 509 F.2d 205,
     212 (9th Cir. 1975)......................................................................................3, 9

15

16  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002)............................................11

17  *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1143,
     1146-1148 (2003)...........................................................................................11

18  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130,
     119 L. Ed. 2d 351 (1992) ...............................................................................6

19

20  *McCoy v. Superior Court*, 157 Cal. App. 4th 225, 232-233 (2007)....................11

21  *Montecino v. Spherion Corp.,* 427 F.Supp.2d 965, 967 (C.D.Cal. 2006) ...........11

22  *Murphy v. Kenneth Cole Productions, Inc.* 40 Cal. 4th 1094, 1108 (2007)........11

23  *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)...............9

24  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)...............8

25  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*,
     873 F.2d 1221, 1225 (9th Cir. 1989) ..............................................................6

26  *Tomlinson v. Indymac Bank, F.S.B.,* 359 F.Supp.2d 891,
     895 (C.D.Cal. 2005).......................................................................................11

27

28  *Wal-Mart Stores, Inc. Wage and Hour Lit.,* 505 F.Supp.2d 609,
     619 (N.D.Cal. 2007)...................................................................................3, 11

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

**Statutes**

Cal. Bus. & Prof. Code § 17200 ................................................................ 3, 5, 10, 11
Cal. Code of Civ. Proc. § 340(a) .........................................................................11
Cal. Labor Code § 2699 .........................................................................................5
Cal. Labor Code 201 ..........................................................................................1, 2
Cal. Labor Code 202 ..............................................................................................1
Cal. Labor Code 203 ..........................................................................................1, 5
Cal. Labor Code 218 ............................................................................................12
Cal. Labor Code 218.5 ........................................................................................2, 3
Cal. Labor Code 218.6 ................................................................................ passim

**Rules**

Federal Rules of Civil Procedure 12(b)(1) ................................................... passim
Federal Rules of Civil Procedure 12(b)(6) ................................................... passim
Federal Rules of Civil Procedure 12(f) ....................................................3, 11, 19

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Defendants' Memorandum in Support of Their Motion to Dismiss or, In the Alternative, to Strike

# I.      Introduction

Plaintiff's Second Amended Class Action Complaint is legally deficient because the newly defined class claims are much broader than and distinct from Plaintiff's individual claims.  According to Plaintiff's allegations, his individual claims arise out of the following facts—(1) he was "discharged" by Macy's and (2) he was issued and received his final paycheck late.  *Id.* at ¶ 3.  In other words, Plaintiff's claims focus solely on the timing of his final paycheck.  *See* Second Am. Complaint, ¶ 1 ("[t]his case arises out of the failure of defendant Macy's...to pay employees final wages timely").[1]  Indeed, the word "timely" is peppered throughout his Complaint.  Plaintiff makes no factual allegation that he was not paid all wages that were due.

The new class allegations (setting forth an "unpaid wages subclass" and a "penalties subclass") in the Second Amended Complaint differ significantly from Plaintiff's individual claims in three respects.  First, the new allegations

---

[1] Indeed, during the course of exhausting his remedies with the Labor & Workforce Development Agency ("LWDA") for purposes of his PAGA claim, Plaintiff self-described the "facts and theories" of his claim in a letter dated December 5, 2008 with a single numbered paragraph as follows—

"1.      Violation of Labor Code 203: Macy's has had a consistent policy and practice, contrary to Labor Code Section 201 and 202, of paying aggrieved employees and other current and former California employees their final pay, upon discharge or quitting, later than the times provided by Section 201 and 202."

*See* Exhibit A to the Declaration of Catherine E. Sison filed concurrently herewith.  As Plaintiff specifically refers to his December 5, 2008 letter to the LWDA in paragraph 31 of his Complaint, this Court may consider Plaintiff's December 5, 2008 letter in connection with Defendants' Rule 12(b)(6) motion.  *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir. 1989).

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

greatly expand the scope of Plaintiff's Complaint.  His individual claim for penalties based on late payment of final wages (commonly referred to as "waiting time penalties ") is governed by a one-year statute of limitations. However, Plaintiff's new "unpaid wages subclass"[2] purports to encompass a three-year period of time.  Second, both the "penalties subclass" and the "unpaid wages subclass" encompass all former employees—regardless of whether they were involuntarily discharged or voluntarily quit.  *See* Second Am. Compl. ¶ 8 ("[a]ll persons whose employment with Macy's in California ended...and...who were not paid their wages pursuant to Labor Code 201, or 202").  Yet, Labor Code 201 and Labor Code 202 govern distinctly different groups of employees and implicate different legal standards for the timing and tender of final wages depending on the individual circumstances of the employee's termination. Third, claims brought for the "nonpayment of wages" entitle an employee to recover attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6 whereas claims for waiting time penalties do not.

Given Plaintiff's affirmative allegation that he received his final paycheck and the lack of any allegation that he did not receive all amounts due, Plaintiff is

---

[2] Labeled in his Complaint as "subclass A," Plaintiff's unpaid wages subclass is set forth as follows—
    "Subclass A, to recover unpaid wages under California Labor Code Section 202 is defined as:
        All persons whose employment with Macy's in California ended during the period beginning three year prior to the filing of this action and ending on the date notice of this lawsuit are mailed to the class, who were not paid their wages pursuant to Labor Code 201, or 202."
Second Am. Compl., ¶ 8.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

not a member of the "unpaid wages subclass."  It is axiomatic that Plaintiff cannot represent a class to which he does not belong.  *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 625, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997). Accordingly, pursuant to Rule 12(b)(1), 12(b)(6) and/or 12(f) of the Federal Rules of Civil Procedure, Plaintiff's allegations seeking unpaid wages on a class-wide basis should be dismissed or stricken as should all claims dependent on the recovery of unpaid wages (*i.e.,* attorney's fees claim under Labor Code § 218.5, interest under Labor Code § 218.6, and Plaintiff's Second Cause of Action for restitution under Cal. Bus. & Prof. Code § 17200).  In addition, all class allegations relating to Labor Code 202 (governing employees who voluntarily quit Macy's employ) should be dismissed and/or stricken because Plaintiff did not quit, he was "discharged," and the final paycheck timing and tender requirements for employees who voluntarily quit are different from the timing and tender requirements for employees who are "discharged."  It is appropriate to determine these class issues at the pleadings stage to get to the heart of Plaintiff's claims and to minimize unnecessary burdensome class discovery with its accompanying motion practice given the parties' certification motion deadline in November.  *In re Wal-Mart Stores, Inc. Wage and Hour Lit.,* 505 F.Supp.2d 609, 619 (N.D.Cal. 2007); *Kamm v. California City Development Co.,* 509 F.2d 205, 212 (9th Cir. 1975).

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Defendants' Memorandum in Support of Their Motion to Dismiss or, In the Alternative, to Strike

## II.     Legal Argument

The only factual allegations included in Plaintiff's Complaint setting forth the basis for his individual claim are as follows—

> "Plaintiff was employed by Macy's within the four-year period preceding the filing of the original Complaint in this matter.  On October 9, 2008, Plaintiff was discharged from employment at Macy's.  Macy's did not issue a final paycheck to Plaintiff until October 10, 2008, and Plaintiff received the check several weeks thereafter."

Second Am. Compl., ¶ 3.  Significantly, Plaintiff does not allege that he did not receive all wages that were due.  Nor does he allege that he voluntarily quit his employment with Macy's.

As set forth above and given Plaintiff's affirmative factual allegations, Defendant's attack on Plaintiff's Complaint is directed at two fronts—(1) his unpaid wage allegations and (2) his allegations on behalf of employees who voluntarily quit their employment with Macy's.

First, as a jurisdictional matter under Rule 12(b)(1), Plaintiff lacks standing to bring an individual or class claim for unpaid wages as he has not alleged that he is still due unpaid wages.  Alternatively, the minimal and conclusory allegations Plaintiff does include in his Complaint regarding unpaid wages are not sufficient to withstand scrutiny under Rule 12(b)(6).  Since Plaintiff cannot proceed with a claim for "unpaid wages," his Second Cause of

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Action under Cal. Bus. & Prof. Code § 17200 should be dismissed because Labor Code § 203 penalties cannot, as a matter of law, be recovered by such a claim.  In addition, the claims for attorney fees and interest pursuant to Labor Code §§ 218.5 and 218.6 should be dismissed as they are available only in "actions for the nonpayment of wages."

Second, again as a jurisdictional matter under Rule 12(b)(1), Plaintiff lacks standing to bring a claim against Macy's on behalf of employees who voluntarily quit their employment with Macy's because Plaintiff did not voluntarily quit—he was fired.  As he cannot bring such a claim in his own right, he cannot represent a class of Macy's employees who voluntarily quit with the timing of their final wages governed by Labor Code 202.  Accordingly, the claims based on Labor Code 202 should be dismissed.

### A. All Claims and Allegations Relating to Purported Unpaid Wages Should Be Dismissed and/or Stricken

Plaintiff's Complaint contains three causes of action—(1) failure to pay all wages timely upon termination, (2) unfair competition and (3) civil penalties pursuant to Labor Code § 2699.

### 1. As Plaintiff Lacks Standing Pursuant to Rule 12(b)(1) to Bring Either an Individual Claim or a Class Claim for Unpaid Wages, Plaintiff's Unpaid Wage Allegations Should Be Dismissed

Plaintiff's new conclusory allegations relating to "subclass A" are not sufficient to convey standing on him for the pursuit of unpaid wages.  It is well

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

settled that a plaintiff must satisfy three elements in order to have standing to bring a claim: (1) he must have suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).  The burden of proof specifically rests with Plaintiff.  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

From the beginning, Plaintiff never alleged that he was not paid all wages due him.  *See* Second Am. Compl., ¶ 4.  He simply complains about the "timing" of his final paycheck.  That paragraph of his Complaint has not changed.

In the Second Amended Complaint, Plaintiff did add the following allegation—

"[a]s a result of Macy's unlawful conduct, Plaintiff and other members of the [subclass] A have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination."

Second Am. Compl., ¶ 20.  But this conclusory allegation is certainly not sufficient to meet Plaintiff's burden of proving that he suffered an injury that is "(a) concrete and particularized and (b) actual and imminent."  The allegation is

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

simply not factual.  It is conclusory and speculative at best by its very nature—

"to the extent [he was] not paid for all wages earned"—and is far from an

affirmative statement that he did not receive all wages earned upon termination.

> **2.**     **Alternatively, As Plaintiff Fails to State Facts Sufficient to Establish Either an Individual or a Class Claim For Unpaid Wages, Plaintiff's Unpaid Wage Allegations Should Be Dismissed Pursuant to Rule 12(b)(6)**

Even if Plaintiff did have the requisite standing to bring a claim for

unpaid wages, his unpaid wage allegations cannot survive a Rule 12(b)(6)

motion.  Dismissal of a claim is proper where there is either a "lack of a

cognizable legal theory" or an "absence of sufficient facts alleged under a

cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1988).

> "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does
> not need detailed factual allegations, a plaintiff's obligation to provide the
> 'grounds' of his 'entitle[ment] to relief' requires more than labels and
> conclusions, and a formulaic recitation of the elements of a cause of
> action will not do.  Factual allegations must be enough to raise a right to
> relief above the speculative level, on the assumption that all the
> allegations in the complaint are true (even if doubtful in fact)."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.

Ed. 2d 929 (2007), *citations omitted.*  The court is not required "to accept as true

allegations that are merely conclusory, unwarranted deductions of fact, or

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Moreover, courts should not assume that plaintiffs "can prove facts that [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L. Ed. 2d 723 (1983).

Plaintiff's Complaint is barren of any factual allegations establishing a basis for any claim for unpaid wages—either individually or on a class basis. Again, the only allegations supporting any claim for unpaid wages—whether individually or on a class basis—are conclusory and speculative at best.  Even construing the allegations made regarding the timeliness of Macy's issuance of final pay as also encompassing and simultaneously asserting that Macy's failed to pay <u>all</u> wages upon termination, Plaintiff's allegations fall short of the pleading requirements mandated by *Twombly*.  Accordingly, to the extent Plaintiff's First, Second and Third Causes of Action are predicated on claims for unpaid wages, those claims should be dismissed.

### 3.    If Not Dismissed, Plaintiff's Unpaid Wage Allegations Should Be Stricken As "Immaterial" and "Impertinent"

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

from litigating spurious issues by dispensing with those issues prior to trial..."
*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).  "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issues in question." *Id.*  Class allegations may be stricken at the pleading stage. *Kamm v. California City Development Co.,* 509 F.2d 205, 212 (9th Cir. 1975).

Here, Plaintiff's allegations relating to unpaid wages are clearly "immaterial" and "impertinent."  Plaintiff himself has made no allegation that he is owed any unpaid wages.  Thus, a class claim for unpaid wages where the class representative has no such claim is precisely the kind of "spurious" issue that should be dispensed with in order to avoid the tremendous expenditure of time and money that litigating such a claim would entail.

**4.    If Plaintiff's Claims for Unpaid Wages Are Dismissed or Stricken, All Claims Which Rely on Plaintiff's Recovery of Unpaid Wages Must Also Be Dismissed or Stricken**

If Plaintiff's claims for unpaid wages fail as they should, certain other ramifications follow.  First, the scope of the Complaint is limited to a one-year

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

statute of limitations as set forth in Plaintiff's remaining "penalties subclass."[3]

Second, Plaintiff's Second Cause of Action pursuant to Cal. Bus. & Prof. Code § 17200 fails as a matter of law.  Third, Plaintiff's claims for attorney's fees and interest pursuant to Labor Code §§ 218.5 and 218.6 respectively are rendered "immaterial" and "impertinent" because these provisions are only applicable in actions brought for the "nonpayment of wages."

> **a. Plaintiff's Second Cause of Action under Cal. Bus. & Prof. Code § 17200 Must Be Dismissed As A Matter of Law If Plaintiff's Unpaid Wage Claims Are Dismissed or Stricken**

If Plaintiff's claims for unpaid wages are dismissed or stricken, Plaintiff's Second Cause of Action under California's Unfair Competition Law fails as a matter of law because waiting time penalties alone cannot support a claim under California's Unfair Competition Law ("UCL").  UCL actions are equitable actions by means of which a plaintiff may recover money or property defendant obtained from the plaintiff through unfair or unlawful business practices.  *Cortez v. Purolator Air Filtration Products, Co.*, 23 Cal. 4th 163, 173 (2000).  The only monetary remedy available is in the form of restitution.  Neither compensatory nor punitive damages of any kind are recoverable under the UCL.  *Korea Supply*

---

[3] Labeled in his Complaint as "subclass B," Plaintiff's penalties subclass is set forth as follows—

"Subclass B, to recover penalties under California Labor Code Section 203 is defined as:
All persons whose employment with Macy's in California ended during the period beginning one year prior to the filing of this action and ending on the date notice of this lawsuit are mailed to the class, who were not paid their wages pursuant to Labor Code 201, or 202."

Second Am. Compl., ¶ 8.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

*Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1143, 1146-1148 (2003).  Penalties

are definitely not recoverable under the UCL.  *Kasky v. Nike, Inc.*, 27 Cal. 4th

939, 950 (2002).

The only available remedy through Labor Code § 203 is waiting time

penalties.[4]  Although Plaintiff refers to the waiting time penalties as

"continuation wages" throughout his Complaint, the caselaw is clear that

waiting time penalties under Labor Code § 203 are in fact penalties,[5] not wages.

*See Tomlinson v. Indymac Bank, F.S.B.,* 359 F.Supp.2d 891, 895 (C.D.Cal.

2005) (granting motion for judgment on the pleadings on ground that Labor

Code § 203 provides for a penalty, not wages, which cannot be raised through §

17200 claim).  *See also Montecino v. Spherion Corp.,* 427 F.Supp.2d 965, 967

(C.D.Cal. 2006) ("§ 203 payments are clearly a penalty"); *In re Wal-Mart*

*Stores, Inc. Wage and Hour Lit.,* 505 F.Supp.2d 609, 619 (N.D.Cal. 2007);

*Murphy v. Kenneth Cole Productions, Inc.* 40 Cal. 4th 1094, 1108 (2007)

(stating "[w]hen an employer fails to pay an employee who has quit or been

[4] Labor Code § 203 provides as follows—
> "[i]f an employer willfully fails to pay, without abatement or
> reduction, in accordance with Sections 201, 201.5, 202, and 205.5,
> any wages of an employee who is discharged or quits, the wages of
> the employee shall continue as a penalty from the due date thereof
> at the same rate until paid or until an action therefor is commenced;
> but the wages shall not continue for more than 30 days."
[emphasis supplied]

[5] As a penalty, waiting time penalties under Labor Code section 203 are
governed by the one-year statute of limitations set forth in California Code of
Civil Procedure § 340(a).  McCoy v. Superior Court, 157 Cal. App. 4th 225,
232-233 (2007).  Plaintiff appears to concede that waiting time penalties under
California Labor Code section 203 are governed by the one-year statute of
limitations as he has explicitly designated a second subclass seeking only
penalties under Labor Code § 203 and included in his subclass definition a time
limit of one year.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

discharged, section 203 establishes that the unpaid wages continue to accrue as a 'penalty.'"). As such, waiting time penalties cannot support a claim under the UCL. *Id.* Accordingly, Plaintiff's Second Cause of Action should be dismissed for failure to state a claim.

> **b.** **If Plaintiff's Claims for Unpaid Wages Fail As Matter of Law, His Claims for Attorney's Fees and Interest Under the Labor Code Are Rendered "Immaterial" and "Impertinent" and Should Be Stricken**

In connection with his First Cause of Action, Plaintiff specifically seeks to recover attorney fees and interest pursuant to Labor Code §§ 218.5 and 218.6. Second Am. Compl. ¶ 22. Plaintiff also refers to 218.5 and 218.6 in his Third Cause of Action when listing Macy's alleged Labor Code violations. *See* Second Am. Compl. ¶ 29 ("During the applicable limitations period, Macy's violated Labor Code Sections 201, 202, 203, 218, 218.5 and 218.6.") Labor Code section 218.5 provides as follows—

> "In any action brought for the nonpayment of wages...the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."

Similarly, Labor Code section 218.6 provides—

> "In any action brought for the nonpayment of wages, the court shall award interest on all due and unpaid wages..."

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

As Plaintiff may only seek to recover penalties under Labor Code section 203, he is not bringing "an action for the nonpayment of wages."  Accordingly, the references in paragraphs 22 and 29 of Plaintiff's Second Amended Complaint to Labor Code §§ 218.5 and 218.6 are "immaterial" and "impertinent" and should be stricken.

> **B.     All Claims and Allegations On Behalf of Employees Who Quit Their Employ With Macy's Should Be Dismissed and/or Stricken**

As a matter of law, Plaintiff cannot proceed with a claim for untimely final wage payments on behalf of employees who voluntarily quit their employment with Macy's as Plaintiff lacks standing under Rule 12(b)(1) to do so.  Plaintiff did not voluntarily quit his employment with Macy's.  He was fired.  The legal timing and tender requirements governing a discharged employee pursuant to Labor Code § 201 are completely different from the timing and tender requirements governing employees who quit pursuant to Labor Code § 202.

For "discharged" employees, Labor Code § 201 mandates that "the wages earned and unpaid at the time of discharge are due and payable immediately..." As for the tender of those wages, pursuant to Labor Code § 208, an employer must tender a "discharged" employee's final pay "at the place of discharge."

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

For employees who voluntarily quit, Labor Code § 202 governs the timing of their final wages.  The timing requirement turns on whether the employee gives the employer 72 hours notice of his intent to quit.

"[i]If an employee...quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

As for the tender requirements, although Labor Code § 208 states that "every employee who quits shall be paid at the office or agency of the employer in the county where the employee has been performing labor," section 202 gives employees who quit the option of requesting that their final wages be mailed to them.[6]  Accordingly, the final pay timing and tender requirements are significantly different depending on whether an employee voluntarily quits or is fired.

As Plaintiff was admittedly discharged from his employment with Macy's, the only employees he could possibly represent are those employees who were discharged.  Accordingly, all claims on behalf of employees who

---

[6] "Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address.  The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting."  Labor Code § 202(a).

voluntarily quit their employment with Macy's should be dismissed from Plaintiff's Second Amended Complaint.

Alternatively, the circumstances surrounding those individuals who quit— some giving 72 hours notice and some not triggering different final pay timing as well as tender options—are "immaterial" and "impertinent" to the circumstances surrounding those employees discharged by Macy's whose final pay is due "immediately" "at the place of discharge." Thus, Defendant moves alternatively to strike any reference to employees who quit (and whose final pay timing requirements are governed by Labor Code section 202) from Plaintiff's Second Amended Complaint.

## III.   Conclusion

For the reasons set forth above, Defendants respectfully request the following relief in connection with their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(f)—

(1)    To dismiss and/or strike from Plaintiff's Second Amended Complaint all claims and allegations relating to unpaid wages and those claims that are dependent on Plaintiff's claim for unpaid wages including (a) the Second Cause of Action and (b) Plaintiff's request for attorney fees and interest under Labor Code §§ 218.5 and 218.6;

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Defendants' Memorandum in Support of Their Motion to Dismiss or, In the Alternative, to Strike

1       (2)     To dismiss and/or strike any reference to former employees who

2    quit their employment with Macy's, whose final pay timing

3    requirement is governed by Labor Code 202.

DATED:  June 11, 2009         MACY'S LAW DEPARTMENT

By: _____/s/_____

         Catherine E. Sison, Esq.

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601

Defendants' Memorandum in Support of Their Motion to Dismiss or, In the Alternative, to Strike

# PROOF OF SERVICE
## STATE OF MISOURI, CITY OF ST. LOUIS

I am employed in the City of St. Louis; I am over the age of 18 years and am not a party to this action.

On the date below I served the following document(s) entitled **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Shaun Setareh, Esq.
LAW OFFICE OF SHAUN SETAREH
9454 Wilshire Blvd., Penthouse Suite #3
Beverly Hills, CA 90212
setarehlaw@sbcglobal.net

Mark R. Thierman
THIERMAN LAW FIRM
7287 Lakeside Dr.
Reno, NV 89511
laborlawyer@pacbell.net

[ ] BY MAIL: By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence, pleadings, and other matters for mailing with the United States Postal Service with postage thereon fully prepaid in Saint Louis, Missouri, on the same day in the ordinary course of business. I am aware that on motion of the party service, service is presume invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY OVERNIGHT COURIER: I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(s).

[ ] BY FAX: I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

[ ] BY PERSONAL SERVICE: I caused such envelope to be delivered by hand to the offices of the addressee(s).

[ ] BY E-MAIL: I transmitted a copy of the foregoing document(s) this date via electronic mail to the e-mail addresses shown above. The document was served electronically and the transmission was reported as complete and without error.

[X] VIA CM/ECF: I transmitted a copy of the foregoing document(s) this date to the parties above by filing the documents with the Court, using the Case Management / Electronic Case Filing (CM/ECF) system.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at __4:30__ p.m. on __JUNE 11, 2009__ at St. Louis, Missouri.

DAVID TYNDALL
Type or Print Name

Signature

Declaration Of Catherine Sison In Support Of Defendant's Motion To Dismiss And To Strike

LAW OFFICES OF JULIA AZRAEL
5200 LANKERSHIM BOULEVARD, SUITE 850
NORTH HOLLYWOOD, CALIFORNIA 91601