LINK: 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     (In Chambers)

**ORDER RE: MOTION TO DISMISS & MOTION TO STRIKE**

**I. INTRODUCTION & BACKGROUND**

   Plaintiff Carlos A. Quevedo is a former employee of defendants Macy's Inc. and Macy's Department Stores Inc. (collectively, "Macy's"). On October 9, 2008, Quevedo was discharged from his employment at Macy's for unspecified reasons. (Second Am. Class Action Compl. ("SACAC") ¶ 3.) On October 10, 2008, Macy's issued Quevedo's final paycheck, which Quevedo received several weeks thereafter. (Id.)

   On December 9, 2008, Quevedo filed the present putative class action in state court. After Quevedo filed a first amended class action complaint, Macy's removed the case to this Court on March 4, 2009. (See Not. Removal (Docket No. 1).) Several months later, on June 1, 2009, Quevedo filed a second amended class action complaint (Docket No. 23), which now serves as the operative pleading in this case. In the second amended class action complaint, Quevedo asserts violations of sections 201 and 202 of the California Labor Code ("Labor Code"), and of California's unfair competition law, Cal. Bus. & Prof. Code §§ 17200 et seq. ("UCL"). He seeks waiting period penalties under section 203(a) of the Labor Code, civil penalties under section 2699, reasonable attorneys' fees and costs of suit under section 218.5, prejudgment interest under section 218.6, and restitution under the UCL.

   Macy's now moves to dismiss Quevedo's section 202 claim and to strike any allegations pertaining to unpaid wages. Some of the arguments Macy's raises in its papers are premature, as they pertain to the propriety of permitting Quevedo to serve as a class representative in this lawsuit. In essence, Macy's asks the Court to definitively rule on class-certification issues on a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

motion to dismiss. The parties, however, previously stipulated to extend the deadline for filing a motion for class certification until November 2, 2009. (See 5/7/2009 Order (Docket No. 16) at 2.) Thus, in this Order, the Court addresses only the sufficiency of the allegations in Quevedo's second amended class action complaint, and leaves for another day the issues that pertain to class certification.

As set forth in greater detail below, because he was fired from Macy's, Quevedo has not stated a claim and may not proceed under section 202 of the Labor Code, which requires timely payment of wages upon an employee's voluntary resignation from employment. Moreover, Quevedo has failed to allege any factual basis for his claim that he is owed unpaid wages, and in fact, admits in his pleading that he received his final paycheck. Thus, all of Quevedo's claims fail to the extent that they rely on a theory of unpaid wages. Finally, the Court defers ruling on Quevedo's ability to seek restitution under the UCL of penalties due under section 203(a) of the Labor Code, as that exact issue is presently awaiting adjudication before the California Supreme Court. Accordingly, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Because Quevedo will have an opportunity to amend his class action complaint, the motion to strike is **DENIED WITHOUT PREJUDICE** as premature.

## II. DISCUSSION

As explained above, to the extent that Macy's seeks to litigate issues regarding Quevedo's ability to serve as a class representative, the motions presently before the Court are premature. The Court's sole task on a motion to dismiss is simply to assess the sufficiency of the plaintiff's operative pleading. If Macy's seeks to challenge Quevedo's "standing" to serve as a class representative, it will have a full and fair opportunity to do so once Quevedo files his motion for class certification. The Court proceeds to adjudicate the motion to dismiss with these considerations in mind.

### A. RULE 12(b)(6) LEGAL STANDARD

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations pleaded in the complaint as true, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond doubt that the alleged facts, even if true, will not entitle the plaintiff to relief on the theories asserted. See Bell

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

Atl. Corp. v. Twombly, 550 U.S. 544, 560–61 (2007); Stoner, 502 F.3d at 1120–21; see also Cahill, 80 F.3d at 338.

 While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Likewise, the court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. . . . While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (citing Twombly, 550 U.S. at 555); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Ultimately,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—that the pleader is entitled to relief."

129 S. Ct. at 1950 (citing Twombly, 550 U.S. at 556).

 **B. APPLICATION**

  *1. Immediate Payment Claims*

 Section 201 of the Labor Code provides, in relevant part, that "[i]f an employer *discharges* an employee, the wages earned and unpaid at the time of the discharge are due and payable immediately." Cal. Labor Code § 201(a) (emphasis added). Similarly, section 202 of the Labor Code provides, in relevant part, that "[i]f an employee not having a written contract for a definite period *quits his or her employment*, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting." Id. § 202(a). Section 203 imposes "waiting-time" penalties upon employers that willfully violate sections 201 or 202: "If an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," but for no more than 30 days. Id. § 203. The purpose of section 203 is to ensure that employers pay wages promptly. McCoy v. Superior Court, 68 Cal. Rptr. 3d 483, 485 (Ct. App. 2007).

In the present action, Quevedo has asserted claims pursuant to both sections 201 and 202. Macy's argues that Quevedo cannot state a claim for violation of section 202 because he did not voluntarily quit his employment, but was fired. The Court agrees.

The plain language of sections 201 and 202 indicates that the provisions, though related, are mutually exclusive. Section 201, by its plain terms, applies to employees who are discharged, i.e., who are either involuntarily terminated from ongoing employment relationships or released after completing specific job assignments or durations of time for which they were hired. Cal. Labor Code § 201(a); see Smith v. Superior Court, 137 P.3d 218, 228–29 (Cal. 2006). Section 202, by contrast, expressly applies only to employees without written contracts for definite periods who voluntarily quit. Cal. Labor Code § 202(a); see Smith, 137 P.3d at 223. There is nothing mysterious about the division; as a matter of logic, an employee cannot involuntarily be terminated and voluntarily quit from the same job at the same time. Even Quevedo implicitly recognizes the difference between involuntary discharge and voluntary resignation in his amended pleading. (See SACAC ¶ 14.)

Here, Quevedo alleges that he was "*discharged* from employment at Macy's" on October 9, 2008, that Macy's did not issue a final paycheck until October 10, 2008 and that Quevedo did not receive his final paycheck until several weeks thereafter. (SACAC ¶ 3 (emphasis added).) Quevedo further avers that Macy's willfully failed to pay him his final paycheck in accordance with section 201, and that Macy's has intentionally adopted policies or practices that violate section 201. (SACAC ¶ 17.) These allegations are sufficient to state a claim under section 201 for recovery of statutory penalties. The motion to dismiss that claim is therefore **DENIED**.

The operative complaint, however, does not contain any allegation that Quevedo voluntarily quit or resigned his employment at Macy's. Indeed, any such averment would contradict the specific allegations in the pleading. Quevedo argues that he may proceed under both sections 201 and 202 because those statutes simply create different "deadlines" for final payment, depending on whether the employee was discharged or voluntarily quit, because section 203 imposes the same penalty for violations of sections 201 and 202. But even if sections 201 and 202 are identical from a functional standpoint, Quevedo may not recover

**LINK: 24**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

waiting time penalties for violations of section 202 because that statute plainly does not apply to

LINK: 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

him. The motion to dismiss Quevedo's section 202 claim is therefore **GRANTED**.[1]

Additionally, the Court agrees with Macy's that Quevedo has not stated a claim for unpaid wages under section 201. Quevedo admits in his pleading that he received his final paycheck (SACAC ¶ 3), and his allegation that he is owed unpaid wages that he earned before he was terminated (SACAC ¶ 15) is conclusory and not supported by any actual facts. In addition, any recovery to which Quevedo might be entitled pursuant to section 203 cannot properly be labeled a "wage," as that statute "specifically and plainly labels the penalty as such and cases have confirmed the meaning." McCoy, 68 Cal. Rptr. 3d at 487 (citing cases). Accordingly, unless Quevedo amends his complaint and pleads actual facts in support of his allegation that he is owed unpaid wages, Quevedo may proceed under section 201 based only on the theory that Macy's did not timely provide him with his final paycheck, which, if proven, would entitle him to waiting period penalties under section 203.

### 2. *UCL Claim*

A plaintiff may recover unpaid wages as restitution under the UCL. See Cortez v. Purolator Air Filtration Prods. Co., 999 P.2d 706, 715 (Cal. 2000). The question whether a plaintiff may recover section 203 penalties as restitution under the UCL, however, is presently awaiting review by the California Supreme Court. See Pineda v. Bank of Am., N.A., 207 P.3d 1, 1 (Cal. 2009), granting review of and superseding 87 Cal. Rptr. 3d 864 (Ct. App. 2009).[2] Because this action is in its infancy, and in view of the California Supreme Court's forthcoming ruling, the Court will refrain from deciding the viability of Quevedo's UCL claim at this time.

---

[1] Because it is axiomatic that class representatives "'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent,'" Pence v. Andrus, 586 F.2d 733, 736–37 (9th Cir. 1978) (quoting Warth v. Seldin, 422 U.S. 490, 502 (1975)), the Court seriously doubts that Quevedo can represent class members whose claims arise only under section 202. Nevertheless, the Court need not issue a definitive ruling on the issue, if at all, until Quevedo files a motion for class certification.

[2] In Pineda, the California Court of Appeal upheld the trial court's conclusion that section 203 penalties may not be recovered as restitution under the UCL. 87 Cal. Rptr. 3d at 867–68. This decision accords with the few published cases that have addressed the issue. See, e.g., Montecino v. Spherion Corp., 427 F. Supp. 2d 965, 967 (C.D. Cal. 2006); Tomlinson v. Indymac Bank, F.S.B., 359 F. Supp. 2d 891, 895 (C.D. Cal. 2005); see also Clark v. Superior Court, 94 Cal. Rptr. 3d 135, 139–40 (Ct. App. 2009) ("Damages and penalties, whether compensatory or punitive, are prohibited [under the UCL].") (citing Korea Supply Co. v. Lockheed Martin Corp., 63 P.3d 937, 946–47 (Cal. 2003); Kasky v. Nike, Inc., 45 P.3d 243, 249 (Cal. 2002); Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 973 P.2d 527, 539 (Cal. 1999)).

LINK: 24

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-01522 GAF (MANx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | Quevedo v. Macy's Inc. et al. | | |

Should the court's ruling in <u>Pineda</u> ultimately compel dismissal of Quevedo's UCL claim, Macy's may renew its motion to dismiss that claim at an appropriate time.

### III. CONCLUSION

For the foregoing reasons, the motion to dismiss Quevedo's section 202 claim is **GRANTED**, but the motion to dismiss Quevedo's section 201 claim is **DENIED**. To the extent that Quevedo seeks to recover damages for unpaid wages, he has failed to allege any facts that would establish that he is owed any wages. At this time, the Court defers its ruling on the motion to dismiss Quevedo's UCL claim until the California Supreme Court issues its ruling in <u>Pineda</u>. The motion to strike is **DENIED WITHOUT PREJUDICE** as premature.

Quevedo has until the close of business on *July 27, 2009* to amend his pleading to address the deficiencies outlined in this Order. The hearing previously scheduled for July 13, 2009 is **VACATED**.

**IT IS SO ORDERED.**